lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STEVEN RAY PETERMAN,**         )<br>                                                          )<br>                **Petitioner,**         )<br>                                                          )<br>**v.**                                                  )         Case No. 05-3441-JAR<br>                                                          )<br>**DAVID McKUNE, et al.,**                )<br>                                                          )<br>                **Respondents.**        )<br>                                                          ) | |

## MEMORANDUM AND ORDER
## DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY

This matter comes before the Court on Petitioner's Request for Certificate of Appealability (Doc. 28). In its Memorandum and Order dated October 24, 2007 (Doc. 27), the Court denied petitioner's request for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner now seeks authorization to appeal the Court's dismissal of his § 2254 motion.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner must obtain a Certificate of Appealability ("COA") before he can appeal "the final order in a proceeding under section 2255."[1] Petitioner is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right."[2] The Court denied relief as to all claims on substantive grounds, therefore, petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[3] Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a

---

[1] 28 U.S.C. § 2253(c)(1)(B).

[2] 28 U.S.C. § 2253(c)(2).

[3] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (construing 28 U.S.C. § 2253(c)).

COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[4]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[5]

Petitioner does not specify the grounds upon which he bases his request for a COA. Upon review of petitioner's COA application, the Court determines that reasonable jurists could not debate or find wrong the Court's constitutional assessment that (1) the evidence was sufficient to support his conviction of attempted rape; (2) the evidence was sufficient to support the conviction of solicitation to commit rape; and (3) he was not entitled to suppression of evidence seized in a warrantless search of his vehicle.  Accordingly, the Court concludes that petitioner has failed to make the requisite showing and declines to issue the COA.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Request for Certificate of Appealability (Doc. 28) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of October 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[5] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).